UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KADAR HARRIS,

                Plaintiff,

        -against-

VOX MEDIA,

                Defendant.

21-CV-2414 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, District Judge:

    Plaintiff, appearing *pro se*, paid the relevant fees to bring this action under the Court's federal question jurisdiction.  For the following reasons, the complaint is dismissed with leave to replead.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Moreover, the court "has the power to dismiss a complaint *sua sponte* for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3.  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Kadar A. Harris asserts that Defendant Vox Media "misappropriated" his "common law right of publicity," "knowingly published false statements about [him] in an editorial," and "used [his] public image in a published editorial for commercial gain without consent." (Dkt. No. 1 ("Compl.") at 2 ¶ I(A).)  The complaint contains the following facts. Plaintiff has a "social media persona" known as "Kadar the Star," with a "massive social media following spanning the entire globe." (Compl. at 8.)  On November 5, 2018, Defendant "infring[ed]" and "misappropriate[ed]" Plaintiff's "social media video footage," without permission for its own "pecuniary gain and profit," and allegedly defamed him by publishing an editorial that "depicted" Plaintiff as a "cult member" because he ate at Nobu, a restaurant with a "cult following." (*Id.*.)  Plaintiff claims this "constitutes defamation in the form of libel." According to Plaintiff, the "insinuation" that he is a "cult member" because of "where [he] has dined is false and harmful." (Compl. at 12.)  Plaintiff seeks money damages. (Compl. at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

2

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### A.   Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188–89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction, and there are no facts in the complaint suggesting a federal cause of action.[1]

---

[1] A person's voice, identity, and likeness are not "'works of authorship' that fall within the subject matter of copyright." *In re Jackson*, 972 F.3d 25, 45 (2d Cir. 2020); *Chamberlin v. Uris Sales Corp.*, 150 F.2d 512, 513 (2d Cir. 1945) ("But since the only copying here was of that portion of the subject matter which, standing alone, could not validly be copyrighted, we hold there is no infringement.").

B.   **Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship. The Court therefore lacks diversity jurisdiction over any state law claims Plaintiff seeks to assert.

C.   **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint may not be cured with an amendment, because Plaintiff proceeds *pro se*, the Court denies him leave to replead.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for lack of subject matter jurisdiction and denies leave to replead. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 12, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge